WARD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

CONTRIBUTORY NEGLIGENCE—VOLUNTARY EXPOSURE TO DANGER.

Plaintiff, a boy 13 years old, was standing in the center of the draw of defendant's bridge when the signal was given that the draw was about to open. He remained on the draw while it was open, standing about two feet from the end, though he was familiar with the method of operating the bridge. When the draw closed, plaintiff was thrown down by the concussion, and his leg was caught between the end of the draw and the abutment. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term, New York county.

Action by Patrick Ward, an infant, by William Ward, his guardian ad litem, against the mayor, aldermen, and commonalty of the city of New York, for personal injuries. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

Louis Steckler, for appellant.
Theodore Connoly, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages resulting from injuries which the plaintiff sustained upon the bridge over the Harlem river at Third avenue. The appellant's counsel, in his statement of the facts, has wholly failed to comply with the rules of the court, by referring to the folios in the case which contain the testimony establishing the facts alleged by him to have been proven; and it has necessarily entailed upon the court much additional labor, in ascertaining whether the plaintiff's statement of the facts was

borne out by the evidence. The evidence shows that the plaintiff at the time of the happening of this accident was 13 years of age, that he was going to school, and that he and some of his companions were upon the bridge for the purpose of eating their lunch, and watching the operations of some workmen who were engaged near the bridge. There was evidence from which a jury might find that the bridge was not in proper repair. It also appeared that the plaintiff and his companions were accustomed frequently to cross the bridge in question, and that he was familiar with its management, and the method by which it was operated. Taking that view of the evidence most favorable to the plaintiff, it appears that the boys were standing in the center of the draw at the time the signal was given for vehicles and pedestrians to get off the draw as it was about to open and let a boat pass. They then commenced to walk towards the end of the bridge, and while so walking the bridge opened, and their exit from the draw was cut off. There were no fences or barriers at the end of the draw, but there were upon the abutments. While the draw was being opened the boys stood within 2 feet or 2½ feet from the end of the draw. As it came back there was considerable concussion. They were thrown down, and the plaintiff, in some way, which is not clearly explained, caught his leg between the draw and the abutment, and was injured. Under these circumstances, it would seem that the conclusion is irresistible that the plaintiff was guilty of contributory negligence in remaining so near to the end of the draw, while open, when he knew that it was about to be closed. He was familiar with the working of the bridge, and knew that such closing would result in a considerable shock. He was in such proximity to the edge of the draw that but a step would place him in danger, but he does not seem to have taken any precautions whatever to avoid the peril which was apparent. If a person voluntarily places himself in proximity to a danger, and injury results, the conclusion necessarily follows that he is guilty of contributory negligence. The plaintiff, standing within two feet and six inches of the end of this draw while it was in motion, did not use that caution which would have been exercised by a prudent person under the circumstances.

We think there was no error in dismissing the complaint, and that the judgment should be affirmed, with costs. All concur.